**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RANDY MATHEWS ET AL** | **CASE NO.  1:23-CV-00214** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **FOREMOST INSURANCE CO** | **MAGISTRATE JUDGE PEREZ-MONTES** |

<u>**MEMORANDUM RULING**</u>

Pending before the Court is a Motion for Partial Summary Judgment [Doc. No. 18] filed by Defendant, Foremost Insurance Co. ("Foremost"). Plaintiffs Randy and Susan Matthews ("the Matthews") filed an Opposition to Foremost's Motion [Doc. No. 24], and Foremost filed a Reply [Doc. No. 25].

For the reasons set forth herein, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.      FACTS AND PROCEDURAL BACKGROUND**

This case arises from an insurance claim for damages related to Hurricane Laura.[1] The Matthews own a residence in Alexandria, Louisiana, and Foremost issued an insurance policy to the Matthews for the property.[2] When Hurricane Laura damaged the property after making landfall around August 27, 2020,[3] the Matthews immediately made a claim to Foremost to report wind damage to the exterior of the home.[4] The parties disagree as to whether the Matthews also reported *interior* damage to the property.[5] Foremost promptly inspected the property, which revealed that

---

[1] [Doc. No. 1-2, p.2].
[2] [Doc. No. 24, p.1].
[3] [Id.].
[4] [Doc. No. 18-1, p. 2].
[5] [Id.]; [Doc. No. 24, p. 4].

the roof was "below average condition."[6] Foremost's independent adjuster observed that most of the shingles on the roof's rear slope were broken and attributed that damage specifically to Hurricane Laura.[7] But the inspection also found wear and tear and rot on the roof unrelated to the Hurricane and not covered under the Matthews' policy.[8]

After the inspection, Foremost completed an estimate and paid the Matthews $1,380.24 for the damages to the roof's rear slope.[9] The company also notified the Matthews that their policy did not cover the wear and tear and rot.[10] Yet, weeks later, the Matthews contacted Foremost questioning the payment and advised that they needed a whole new roof.[11] Foremost reminded them that the policy only covered the damage to the roof's rear slope.[12] More weeks passed, and the Matthews provided Foremost an estimate from InFront Roofing totaling $6,472.26 for a total roof replacement.[13] Foremost again advised the Matthews that the estimate provided was not for the same scope of work.[14]

The Matthews filed suit on August 22, 2022,[15] in the 9th Judicial District Court, Parish of Rapides, State of Louisiana.[16] It was properly removed to this Court on the basis of diversity on February 17, 2023.[17] The Matthews allege that Foremost breached their insurance contract for failing to cover the roof and interior damage and acted in bad faith in violation of Louisiana Revised Statutes §§22:1982 and 22:1973.[18]

---

[6] [Doc. No 18, p. 2].
[7] [Id.].
[8] [Id.].
[9] [Id.].
[10] [Doc. No. 18-2, p. 41].
[11] [Doc. No. 18, p. 3].
[12] [Id.].
[13] [Id.]; [Doc. No. 24, p. 7].
[14] [Doc. No. 18, p. 3].
[15] [Id.].
[16] [Doc. No. 7].
[17] [Id.].
[18] Doc. No. 1-2].

In April of 2023, the Matthews produced their Initial Disclosures, including an estimate prepared by Integrity Claims Consultants dated October 25, 2022 — two years after Hurricane Laura — totaling $47,327.13.[19] The estimate included $10,000.00 for a total roof replacement and over $16,000.00 in interior damages.[20] In March of 2024, Foremost's expert engineer performed another inspection of the property.[21] Following the expert's report, Foremost issued a second payment to the Matthews for $39.85.[22]

On July 19, 2024, Foremost filed the instant motion.[23] Foremost asserts that no genuine issue of material fact exists on several claims, and it is entitled to summary judgment on those claims.[24] Specifically, Foremost maintains that: (1) the Matthews are not entitled to contractual damages or bad faith penalties for the interior damages claimed; (2) the Matthews are not entitled to contractual damages or bad faith penalties for damages sustained as a result of Hurricane Delta; (3) the Matthews are not entitled to bad faith penalties generally; (4) to the extent that the Matthews may pursue a claim for bad faith penalties, they may only recover under one statute, not both Louisiana Revised Statutes §§22:1982 *and* 22:1973; (5) the Matthews are not entitled to damages for damage to the property, mitigation or remediation costs, diminution in value, lost or damaged personal property, mental anguish, additional living expenses, business losses, or increased cost of construction; (6) Foremost did not misrepresent the terms, conditions, coverages, or limits of the Matthews' policy; (7) Foremost, as a first-party insurer, owed a duty to pay its insureds, the Matthews, any amount due within thirty days of receipt of satisfactory proof of loss, *not* provide a

---

[19] [Doc. No. 18-1, p. 3].
[20] [Id.].
[21] [Doc. No. 18-6, p. 2].
[22] [Doc. No. 18-1, p. 4].
[23] [Doc. No. 18].
[24] [Id.].

written offer to settle the claim within 30 days of receipt of satisfactory proof of loss; and (8) the Matthews have no claim for negligent claims handling cognizable under Louisiana law.[25]

The Matthews only dispute some of the claims Foremost seeks to dismiss and argue that there is a genuine dispute of material fact as to those disputed claims.[26]

The issues have been briefed, and the Court is prepared to rule.

## II.     LAW AND ANALYSIS

### A.  Standard for Summary Judgment

Under FED. R. CIV. P. 56(a), the court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." If the movant meets their initial burden of showing no genuine issue of material fact, "the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013) (cleaned up). A fact is "material" if proof of its existence or nonexistence would affect the lawsuit's outcome under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "the mere existence of *some* alleged factual dispute will not defeat an otherwise properly supported motion for summary judgement." *Id*. at 247-48. And a dispute about a material fact is "genuine" only if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). But summary judgment is appropriate

---

[25] [Id., p. 5-6].
[26] [Doc. No. 24].

when the evidence is "merely colorable or is not significantly probative". *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (cleaned up).

Moreover, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (cleaned up). Courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted).

Finally — and importantly — there can be no genuine dispute as to a material fact when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof of trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### B. Choice of Law

A federal court sitting in diversity jurisdiction applies the forum state's substantive law. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Here, the Court will apply Louisiana law to determine (1) whether the Matthews' insurance policy covers the type of loss suffered, (2) whether the Matthews provided sufficient evidence that the covered type of loss caused the damage alleged, and (3) whether the Matthews provided sufficient evidence that Foremost engaged in bad-faith claims handling. *Rosenthal v. Allstate Prop. & Cas. Ins. Co.*, 712 F. App'x 401, 404 (5th Cir. 2017). And when the action requires interpreting insurance policies issued in Louisiana, the policy is "subject to the same basic interpretative rules as any other contract." *Id*. (cleaned up).

### C. Uncontested Dismissals

At the outset, the Matthews do not challenge Foremost's Motion entirely.[27] First, the Matthews do not seek benefits for a separate Hurricane Delta claim.[28] The Matthews admit that they "made no repairs in between Hurricanes Laura and Delta for which they can receive Delta benefit payments."[29] Second, the Matthews do not seek benefits based on any alleged misrepresentations by Foremost of the policy.[30] Nor do the Matthews assert a cause of action for negligence.[31] And finally, the Matthews do not seek benefits for mitigation or remediation costs, diminution in value, lost or damaged personal property, mental anguish, additional living expenses, or business losses.[32]

Because the parties agree to dismiss the above-mentioned claims, Foremost's Motion is **GRANTED** to the extent it seeks to dismiss the uncontested claims, and those claims are **DISMISSED**.

### D. Contested Dismissals

Foremost's Motion alleges that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law on the remaining claims: (1) the Matthews are not entitled to contractual damages or bad faith penalties for the interior damages claimed; (2) the Matthews are not entitled to bad faith penalties generally; (3) to the extent that the Matthews may pursue a claim for bad faith penalties, they may only recover under one statute, not both Louisiana Revised Statutes §§22:1982 and 22:1973; (4) the Matthews are not entitled to increased cost of construction; and (5) Foremost, as a first-party insurer, owed a duty to pay its insureds, the

---

[27] [Doc. No. 24].
[28] [Id., p. 2].
[29] [Id.].
[30] [Id., p. 3].
[31] [Id.].
[32] [Id.].

Matthews, any amount due within thirty days of receipt of satisfactory proof of loss, *not* provide a written offer to settle the claim within 30 days of receipt of satisfactory proof of loss. The Matthews argue that there is a genuine dispute of material facts regarding these claims.

The court will address each claim in turn below.

### i. Contract Damages and Bad Faith

Foremost asserts that the Matthews are not entitled to any contractual damages or bad faith penalties related to its alleged failure to pay for interior damage to the home and its refusal to cover the cost of an entire new roof.[33]

In addition to any contractual obligations, Louisiana insurers owe specific statutory duties to their insureds. Specifically, Louisiana Revised Statutes §§22:1982 and 22:1973 impose a duty of good faith and fair dealing on insurers in adjusting and paying claims and provide penalties on those who engage in unfair practices. *See Midland Risk Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 643 So.2d 242, 244 (La. App. 3d Cir.1994). The conduct prohibited in these statutes "are virtually identical." *Reed v. State Farm Mut. Auto. Ins. Co.,* 857 So. 2d 1012, 1020 (La. 2003). But to recover under these statutes, the insured has the burden of proving: "(1) that the insurer received a satisfactory proof of loss, (2) that the insurer failed to pay the claim within the applicable statutory period, and (3) that the insurer's failure to pay was arbitrary and capricious." *Grilleta v. Lexington Ins. Co.*, 558 F.3D 359, 368 (5th Cir. 2009) (cleaned up).

To show a "satisfactory proof of loss," the insured must "provide the insurer sufficient information to act on the claim." *Id*. (cleaned up). In other words, proof of loss is the "point in time when the insurer has adequate knowledge of the loss." *Cotton Bros. Baking Co. v. Indus. Risk Insurers*, 941 F.2d 380, 386 (5th Cir. 1991) (cleaned up). And the Louisiana Supreme Court has

---

[33] [Doc. No. 18-1, p. 10-14].

equated the phrase "arbitrary, capricious, and without probable cause" to "vexatious" and determined that an insurer acts in that capacity when "its willful refusal of a claim is not based on a good faith defense." *Louisiana Maint. Servs., Inc. v. Certain Underwriters at Lloyd's of London*, 616 So. 2d 1250, 1253 (La. 1993). So "statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense." *Reed*, 857 So.2d at 1021 (internal citations omitted).

Of course, whether an insurer is "vexatious" is a factual issue. *See Grilleta* 558 F.3D at 368. And summary judgment is inappropriate when there is a question about the underlying reasonableness of the insurer's refusal to pay. *Hartenstein v. State Farm Fire and Cas. Ins. Co., No. 07–4594*, 2008 WL 2397713, at *3 & n. 22 (E.D. La. June 10, 2008) (Africk, J.) (denying motion for summary judgment when the plaintiff's pre-litigation expert presented insurer with information that contradicted the insurer's expert report and created fact issue regarding the reasonableness of the insurer's conduct).

But if the insurer seeks summary judgment on a statutory penalties issue — an issue the insured will bear the burden of proof at trial — the insured must offer some evidence in support of their bad faith claim to survive summary judgment. *Barnes v. Com. & Indus. Ins. Co.*, No. CIV.A. 11-0041, 2013 WL 211271 (W.D. La. Jan. 18, 2013), *vacated on other grounds*, No. CV 11-0041, 2013 WL 12192380 (W.D. La. Jan. 22, 2013); *Gates v. Auto Club Family Ins. Co.*, No. 06–4394, 2007 WL 1464259, at *3 (E.D. La. May 17, 2007) (Vance, J.) (granting summary judgment when plaintiffs failed to submit any facts indicating that the insurer's conduct was vexatious).

Finally, the duties imposed on insurers under La. R.S. §§22:1892 and 22:1973 continue "throughout the litigation period…" *Sher v. Lafayette Ins. Co.*, 988 So. 2d 186, 199 (La 2008).

Therefore, in addition to determining whether there was a breach of contractual obligations, the Court must examine whether Foremost acted with bad faith both before and after the litigation commenced.

### 1. The Interior

The Matthews allege that Hurricane Laura caused substantial damage to the property's interior,[34] and they claim that Foremost's refusal to cover the interior damages amounts to a breach of their contract and violates Louisiana Revised Statutes §§22:1982 and 22:1973. To recover under their insurance policy, the Matthews will have to show that (1) Hurricane Laura caused the damage,[35] and (2) they immediately notified Foremost of the damage.[36] To recover under §§ 22:1982 and 22:1973, the Matthews must show that they gave Foremost satisfactory proof of loss and that the company's failure to pay was arbitrary and capricious.

#### a. Pre-Litigation

The Matthews failed to provide evidence that they notified Foremost of interior damage before filing suit. Their claim rests solely on Mrs. Matthew's statement that she "observed damage" to the interior and "the adjuster came out to take pictures and look at everything."[37] But *observing* interior damage and *reporting* it to Foremost are not one and the same. In contrast, Foremost asserts that it did not know of interior damages until litigation began. And the record agrees — Foremost's entire claim file shows no report of interior damages.[38]

Again, summary judgment is appropriate when a party fails to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex Corp.* 477 U.S. at

---

[34] [Doc. No. 1-2, ¶ 11].
[35] [Doc. No. 18-2, p. 5].
[36] [Id., p. 38].
[37] [Doc. No. 24, p. 4].
[38] [Doc. No. 18-2, p. 91; Doc. No. 18-4, p. 34].

322-23. Without evidence that Foremost knew of interior damage prior to the suit, any claims relating to breach of contract or bad faith before the suit began must fail.

Therefore, Foremost's Motion is **GRANTED** to the extent it seeks to dismiss any claims of breach of contract or bad faith arising from its initial denial of interior damages, and those claims are **DISMISSED**.

### b. Litigation

The Court will not quickly dispose of any remaining bad faith claims that may exist. Since the duties under §§ 22:1892 and 22:1973 continue throughout the litigation period, Foremost does not escape liability simply because it was unaware of any interior damage before the suit. In other words, Foremost had a duty to investigate the interior damage claim once it received notice, even if that notice came from litigation. *See Sher*, 988 So. 2d at 199.

After the Matthews filed suit, their expert inspected the property and reported interior damage to the property caused by Hurricane Laura.[39] Foremost received the report in April of 2023,[40] but did not reinspect the property until March of 2024.[41] Foremost's answer for not inspecting the property sooner (and its basis for summary judgment) is that the expert report is suspect because (1) the inspection took place two years after Hurricane Laura; (2) the expert lacks credentials to determine the cause of the interior damages; and (3) Foremost's experts found that the damage was *not* a result of Hurricane Laura.[42] On this basis, Foremost labels the Matthews' evidence as insufficient.

Indeed, a reasonable jury may agree that Foremost acted in good faith by waiting until March of 2024 to reinspect the property. Or it may not. The evidence may lead a reasonable jury

---

[39] [Doc. No. 24, p. 5].
[40] [Doc. No. 18-1, p. 3].
[41] [Doc. No. 18-6, p. 2].
[42] [Doc. No. 25, p.2].

to believe that Hurricane Laura caused the interior damages and that Foremost acted arbitrarily, capriciously, and without probable cause when it did not inspect or pay for the damages.

Thus, the Court will not weigh the evidence or make factual determinations concerning the reasonableness of Foremost's actions and the credibility of each expert. After the Matthews provided Foremost with "copies of the report, the reasonableness of the subsequent refusal to pay is a question of fact reserved for the jury." *Naz, L.L.C. v. Mt. Hawley Ins. Co.*, No. CV 21-1893, 2023 WL 2527052, at *5 (E.D. La. Mar. 15, 2023) (cleaned up).

Accordingly, Foremost's Motion is **DENIED** to the extent it seeks to dismiss any claims of breach of contract or bad faith arising from events after the Matthews submitted evidence to Foremost to support their claim for interior damages.

## 2. The Roof

Next, the Matthews claim that Foremost breached its contract and acted in bad faith when it refused to pay to replace the entire roof. Because Foremost only paid $1,380.24 to cover the insured damage to the rear slope of the roof rather than pay for a whole new roof, the Matthews claim that the company acted arbitrarily and capriciously. When there is a reasonable and legitimate question about the extent and causation of a claim, bad faith should not be inferred. *Reed*, 857 So. 2d at 1021. Foremost provides a good-faith reason for not paying for a whole new roof — the roof had prior damage not covered by the Matthews' insurance policy.[43] Although the Matthews were entitled to coverage for the rear slope of the roof, they were not entitled to a whole new roof. The Matthews only reiterate that Foremost failed to consider their estimate, but they failed to respond to Foremost's good-faith defense with the required evidence of vexatiousness.

---

[43] [Id.].

*Louisiana Maint. Servs.*, 616 So. 2d at 1253. And if the Matthews cannot contradict Foremost's reliance on that defense, statutory penalties are inappropriate. *Reed*, 857 So. 2d at 1021.

Therefore, Foremost's Motion is **GRANTED** to the extent it seeks to dismiss any claims of breach of contract or bad faith arising from its denial to cover the total cost of a new roof, and those claims are **DISMISSED**.

### 3. Recovery Under the Louisiana Bad Faith Statutes

Finally, Foremost claims that to the extent the Matthews pursue bad faith penalties, they may only recover under one statute, either Louisiana Revised Statutes §§22:1982 *or* 22:1973.[44] However, the Matthews seek damages under *both*.[45] It is axiomatic that summary judgment is appropriate where questions of law alone are involved. *Int'l Ass'n of Machinists & Aerospace Workers, Dist. 776 v. Texas Steel Co.*, 538 F.2d 1116, 1119 (5th Cir. 1976). In dispute here is solely whether an insurer may recover bad faith penalties under both statutes.

Louisiana's Supreme Court clarified that an insured cannot recover penalties under the two statutes for the same conduct. *Calogero v. Safeway Ins. Co. of Louisiana*, 753 So. 2d 170, 174 (La. 2000). Rather, the insurer recovers the higher penalty. *Id*. However, because §22:1973 does not provide for attorney fees, the insurer may still rely on §22:1982 to recover attorney fees regardless of which statute provides the higher penalty. *Id*.

Therefore, Foremost's Motion is **GRANTED** to the extent it seeks to limit the Matthews from seeking damages, not including attorney fees, under both Louisiana Revised Statutes §§22:1982 and 22:1973.

---

[44] [Doc. No. 18-1, p.14].
[45] [Doc. No. 1-2, ¶ 40].

### ii. Increased Cost of Construction

Foremost claims that any damages the Matthews seek cannot include "the increased cost of construction since they have yet to make repairs."[46] The Matthews respond in three parts. First, they assert that Foremost fails to show that the Matthews did not repair their home after Hurricane Laura,[47] but the Matthews previously admitted they made no repairs.[48]

Next, the Matthews deny that their insurance policy prohibits recovery for construction and repair costs that increased since the loss event.[49] Again, an insurance policy is "subject to the same basic interpretative rules as any other contract." *Rosenthal*, 712 F. App'x at 404. The policy will be construed under the "general, ordinary, plain and popular meaning of the words used in the policy, unless the words have acquired a technical meaning." *Carbon v. Allstate Ins. Co.*, 719 So.2d 437, 439-40 (La. 1998). Here, the insurance policy states that Foremost will pay the "actual cash value of the damaged part of the dwelling at the time of the loss."[50] And if the insured fails to repair the dwelling, any further damage will not be insured by the policy.[51] So the policy is clear. It prohibits the recovery that the Matthews seek.

Finally, the Matthews characterize Foremost's reliance on *First Baptist Church of Iowa, Louisiana v. Church Mut. Ins. Co.*, 105 F.4th 775 (5th Cir. 2024) as vague.[52] But the purpose is straightforward. In *First Baptist*, the Fifth Circuit read an insurance policy as unambiguously

---

[46] [Doc. No. 18-1, p. 15].
[47] [Doc. No. 24, p. 3].
[48] [Id., p. 2].
[49] [Id., p. 3].
[50] [Doc. 18-2, p. 25]. The relevant portion of the policy states: When a partial loss occurs, the amount we pay for loss to the dwelling will be the lowest of: (1) The difference between the **actual cash value** of the dwelling immediately before the loss and its **actual cash value** immediately after the loss; (2) the **actual cash value** of the damaged part of the dwelling at the time of the loss; (3) The amount required to repair or replace the dwelling; or (4) The Amount of Insurance shown on the Declarations Page for the dwelling. The Matthews seek increased costs as opposed to what the policy permits.
[51] [Id., p. 38].
[52] [Doc. No. 24, p. 3].

determining the repair cost "as of the time of loss or damage." 105 F.4th 788. Moreover, the policy discussed in *First Baptist* is nearly identical to the Matthews' policy.[53]

The Matthews and Foremost were bound to a contract. *See Cent. Crude, Inc. v. Liberty Mut. Ins. Co.*, 51 F.4th 648, 653 (5th Cir. 2022) (noting that an insurance policy is a contract between the parties). The terms were clear. Foremost showed that there are no genuine issues of material fact, and that the Matthews cannot claim the increased construction cost as the policy calculates payment based on the date of loss and requires prompt repairs.

Therefore, Foremost's Motion is **GRANTED** to the extent it seeks to limit the Matthews from seeking damages for increased cost of construction.

### iii. Failure to Provide Written Offer

The Matthews also make a broad claim that Foremost acted in bad faith by failing to provide a written offer to settle the claims within thirty days of receipt of satisfactory proof of loss.[54] Louisiana Revised Statute §22:1982(A)(1) requires insurers to *pay* the amount of any claim due to any insured within thirty days after receipt of satisfactory proof of loss. And §22:1982(A)(4) requires insurers to make a *written offer to settle* any property damage claim within thirty days after receipt of satisfactory proof of loss of that claim. These statutes must be strictly construed. *Montgomery v. State Farm Fire & Cas. Co.*, 103 So. 3d 1222, 1230 (La. App. 3d. Cir. 2012).

Again, to prevail under §22:1982, the insurer must show that the failure to pay or make a written offer to settle was an unjustified and vexatious refusal. *See Bourg v. Safeway Ins. Co. of Louisiana*, 300 So. 3d 881, 891 (La. App. 1st Cir. 2020). But this Court has already made clear

---

[53] 105 F.4th at 788. The policy states: "CM Insurance's payment liability for loss or damage on a replacement cost basis is limited to the lesser of (1) policy limits, (2) the cost of replacing the property at the same site with comparable material and quality and used for the same purpose, or (3) the amount actually and necessarily expended to repair or replace the property."
[54] [Doc. No. 1-2, ¶ 17].

that the Matthews failed to show evidence of vexatiousness for all but one of its claims. The only remaining question for the jury is to determine whether Foremost acted with vexatiousness when it failed to investigate the interior damage claims *after* receiving the Matthews' expert report. In other words, if Foremost can be liable for violating §22:1982(A)(4), it will only be if the jury finds that Foremost acted arbitrarily, capriciously, and without probable cause for failing to make a timely written offer to settle the interior damage claims after receiving notice from the Matthews' expert report.

Therefore, Foremost's Motion is **DENIED IN PART** to the extent it seeks to limit the Matthews from seeking penalties under §22:1982(A)(4) for Foremost's failure to make a timely written offer to settle the interior damage claims after receiving notice from the Matthews' expert report. However, Foremost's Motion is **GRANTED IN PART** to the extent it seeks to limit the Matthews from seeking penalties under §22:1982(A)(4) for any other claims.

### III. CONCLUSION

For the reasons set forth above,

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendant's Motion for Partial Summary Judgment [Doc. No. 18] is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that to the extent Foremost seeks to dismiss any claims of breach of contract or bad faith arising from events after the Matthews submitted evidence to Foremost to support their claim for interior damages, the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent Foremost seeks to limit the Matthews from seeking penalties under §22:1982(A)(4) for Foremost's failure to make a timely written offer to settle the interior damage claims after receiving notice from the Matthews' expert report, the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent Foremost seeks to dismiss the remainder of Plaintiffs' claims, the Motion is **GRANTED**, and those claims are **DISMISSED WITH PREJUDICE**.

MONROE, LOUISIANA, this 6th day of September, 2024.

_____
Terry A. Doughty
United States District Judge